## MATTER OF CASTANEDA

### Application for Permission to Reapply

#### A–14044979

*Decided by Regional Commissioner June 29, 1973*

Notwithstanding applicant is the mother of two minor children born in this country, permission to reapply for admission after deportation is denied in the light of her persistent false testimony as to her United States citizenship until faced with incontrovertible proof to the contrary, her spurious remarriage to her husband under the false identity of a native-born citizen for the purpose of enabling him to obtain an immigrant visa as the spouse of a United States citizen, and the fact applicant and her husband were both in the United States illegally when the children were born.

The applicant was deported from the United States April 6, 1965 at government expense. This case is now before me on appeal from the decision of the District Director, who on April 9, 1973 denied the application for permission to reapply for admission.

The applicant states her reason for desiring to reenter the United States legally for permanent residence is to be able to raise and educate her two United States citizen sons, ages 13 and 11, in the United States and plan their future.

The applicant is a 32-year-old married female alien, a native and citizen of Mexico. She last entered the United States at Laredo, Texas, on or about August 28, 1958, at which time she was admitted as a nonimmigrant visitor for pleasure upon presentation of a non-resident Mexican alien border-crossing card. She was then authorized only to visit neighboring border areas for a period not to exceed 72 hours.

In deportation proceedings, the applicant testified that she was first married to one Carlos Diaz in Mexico on March 4, 1957, at which time she was almost 17 years of age; that her husband was then approximately 35 or 36 years of age; that she and her husband came to Chicago, Illinois, and that as a result of this marriage, she had two children, both born in the United States. Two statements made by the applicant were introduced in evidence. In the first statement, which is dated August 24, 1964, the applicant appeared before an immigration officer and testified that her true and correct name was Juanita Diaz and that her maiden name was Juanita Pizano-Sanchez. She claimed that she

was born on June 24, 1940 at East Chicago, Indiana and that she was a citizen of the United States. She presented as proof of her birth a record issued in the city of East Chicago, Indiana, showing that one Juanita Pizano was born on June 24, 1940 at East Chicago, Indiana. The applicant claimed that after being born in the United States, she was taken at age five to Mexico by her parents. She further testified that she has only been married one time to Carlos Diaz, which marriage she claimed took place on March 25, 1961 and that as a result of that marriage she has two children, Francisco Javier, born on September 9, 1959, and Carlos, Jr., born on February 27, 1962. She stated that she began to reside and live with her husband as man and wife from October or November of 1958, thus explaining the birth of the child, Francisco, whom she alleged was born on September 9, 1959. She testified that her husband had returned to Mexico in December 1962 for the purpose of obtaining an immigration visa, that she had known that her husband was illegally in the United States and that was the reason he had returned to Mexico.

Thereafter, on October 28, 1964, the applicant appeared before the same immigration officer. At that time, she again reiterated the fact that she is a citizen of the United States and that her name is Juanita Pizano-Sanchez and testified that she had communicated with her husband subsequent to the statement taken on August 24, 1964. The applicant was again advised concerning the penalty for perjury and was again asked when and where she was born. She again testified that she was born in East Chicago, Indiana, on June 24, 1940, that she was a citizen of the United States and that her full, true and correct name at birth was Juanita Pizano-Sanchez. She claimed that the birth certificate she presented was one that was sent to her by her father in 1956. The immigration officer at that time informed the applicant that he had affidavits from Manuel Pizano, her alleged father, and from Juanita Garza, the real Juanita Pizano-Sanchez. The applicant then admitted that she was not Juanita Pizano-Sanchez but was, in fact, Francisca Castaneda-Abrego, who was born in Abasolo, Coahuila, Mexico, on September 28, 1940, and that she is a citizen of Mexico. She further testified that the reason she married her husband the second time and used the name of Pizano was for the purpose of enabling her husband to return to Mexico and apply for a visa, claiming to be the husband of a United States citizen.

It is clear that the respondent gave false testimony for the purpose of obtaining a benefit under the Immigration and Nationality Act. She also conspired with her husband to obtain for him a benefit under the Immigration and Nationality Act.

The record of proceedings shows that the applicant's husband

was in the United States illegally when the children were born and that in an attempt to gain admission to the United States permanently in 1956 he committed perjury before a special inquiry officer at Laredo, Texas and was excluded from admission. Also, in connection with an immigrant visa application to rejoin his alleged citizen spouse, he unsuccessfully attempted to obtain a waiver of that ground of excludability. The record also shows that the applicant persisted in her perjured testimony as to United States citizenship until she was confronted with overwhelming proof to the contrary. The record indicates, but does not positively establish, that the applicant and her husband have separated.

The only appealing factor in the applicant's case is that she is the mother of two children apparently born in the United States. In balance against this factor is the past course of conduct of the applicant before this Service and the factor that she and her husband were both in the United States illegally when the children were born.

We are asked to exercise our statutory authority to consent to this alien reapplying for admission to the United States after deportation (section 212(a)(17) of the Immigration and Nationality Act). It is our decision that the facts of the case do not warrant such consent.

**It is ordered** that the appeal be and the same is hereby dismissed.